STATE of Wisconsin, Plaintiff-Respondent,

v.

Elvin RIVERA, Defendant-Appellant.

Supreme Court

*No. 91–2951–CR. Oral argument January 12, 1994.—Decided
June 7, 1994.*

(Also reported in 516 N.W.2d 391.)

For the defendant-appellant there was a brief by *Gerald P. Boyle,* Milwaukee and oral argument by *Gerald P. Boyle.*

For the plaintiff-respondent the cause was argued by *Sally L. Wellman,* assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

JON P. WILCOX, J.  This case comes before us on certification by the court of appeals pursuant to sec. (Rule) 809.61, Stats. The defendant, Elvin Rivera (Rivera) urges this court to overturn his conviction for felony murder, sec. 940.03, Stats.,[1] because neither he nor one of his accomplices in an attempted armed robbery fired the shot that killed one of the intended victims of that robbery.

The outcome of this case is clearly dictated by our decision in *State v. Oimen,* 184 Wis. 2d 423, 516 N.W.2d 399 (1994). In *Oimen,* we held that to secure a conviction for felony murder, the state need only prove that the defendant's conduct was a "substantial factor" in the death of another person, and that the death occurred while the defendant was committing or attempting to commit one of the five underlying felonies enumerated in the felony murder statute. *Id.* at 428. Because both these elements are satisfied in this case, we affirm Rivera's conviction.

The essential facts are undisputed. On the evening of September 5, 1989, Rivera and three associates went to the apartment of Robert and Julie Mayle (Mr. Mayle and Mrs. Mayle respectively) intending to steal marijuana they believed was in the apartment. After driving around the building several times, Rivera saw Brian Fruth (Fruth) leave the apartment. Fruth and another friend, Peter Slavik (Slavik) were staying with

---

[1] Section 940.03, Stats., states:

Whoever causes the death of another human being while committing or attempting to commit a crime specified in s. 940.225(1) or (2) (a) [first degree sexual assault with use or threat of force or violence], 943.02 [arson], 943.10(2) [armed burglary] or 943.32(2) [armed robbery] may be imprisoned for not more than 20 years in excess of the maximum period of imprisonment provided by law for that crime or attempt.

the Mayles that night. Rivera approached, put a gun to Fruth's side and said "don't move or I'll kill you." Holding Fruth at gunpoint, Rivera and one of his associates entered the Mayles' apartment. At Rivera's direction, Fruth called for Slavik to join him in the kitchen. When Slavik appeared, Rivera ordered him to lie down on the floor. Rivera then began searching the kitchen for marijuana.

Up until this time, Mr. and Mrs. Mayle had been in their bedroom, unaware of Rivera's entry into the apartment. Somewhat alarmed by the snarling of his dogs, Mr. Mayle got up to see whether anything was wrong. When he entered the kitchen, Mr. Mayle saw that Rivera had Fruth up against the kitchen wall, his gun pointed at Fruth's head. Rivera's associate had Slavik pinned to the floor, also at gunpoint.

Mr. Mayle turned and ran back to the bedroom, yelling at his wife to get her gun. When he reached the bedroom, Mrs. Mayle already had the gun in her lap. Rivera entered the bedroom a few moments later. Mrs. Mayle beseeched Rivera to put his gun away. At the same time, she removed her own gun from its case. Telling her "don't do it ma'am, don't do it," Rivera redirected his gun directly at Mrs. Mayle's head.

At approximately that moment, Mr. Mayle tried to take the gun from his wife's hands. His actions caused the gun to discharge. Upon hearing this initial shot, Rivera fled the apartment. Mr. Mayle fired several additional shots as Rivera fled. One of these shots struck and killed Fruth. There is no evidence indicating that either Rivera or his associate fired their guns while they were in the apartment.

Rivera waived his right to a jury trial. Consequently, the trial court made the following findings and conclusions. First, it found that Rivera entered the

Mayles' apartment that evening armed and with the intent of stealing marijuana. The court further concluded that although the fatal shot was fired by Mr. Mayle, Rivera's conduct had been a substantial factor in causing Fruth's death. Believing that these two factors satisfied the elements of sec. 940.03, Stats., the trial court convicted Rivera of felony murder.

In asserting that this court should overturn his conviction, Rivera directs our attention to a variety of sources, including the "plain meaning" of sec. 940.03, Stats., its legislative history, and the interpretation other states have given to their felony murder statutes, specifically the "agency approach" to felony murder.[2] The basic premise of all of Rivera's arguments, however, can be reduced to his single assertion that he cannot be convicted for felony murder because he did not fire the shot that killed Fruth.

In *Oimen,* this court considered, and explicitly rejected the very arguments Rivera advances now. In *Oimen,* we affirmed the defendant's felony murder conviction despite the fact that it was the intended felony victim, not the defendant, who shot and killed the defendant's accomplice. After thoroughly reviewing the language and legislative history of sec. 940.03, Stats., we concluded that, "[t]he state need only prove that the defendant caused the death, and that the defendant caused the death while committing or attempting to commit one of the five listed felonies [to obtain a conviction for felony murder.]" *Oimen,* at 428. Moreover, we held that when these two elements are satisfied, a

---

[2] As we discussed in *Oimen,* at 443 under the "agency approach," a defendant can only be convicted for felony murder if he actually performs the killing himself, or if it is performed by an individual acting in concert with him.

defendant can be convicted of felony murder even if another person, including an intended felony victim, fired the fatal shot. *Id.*

■

Given our holding in *Oimen,* Rivera's conviction must be affirmed. The trial court concluded that Rivera's conduct was a substantial factor in bringing about Fruth's death, and its decision will be sustained if supported by any credible evidence. *Fehring v. Republic Insurance Co.,* 118 Wis. 2d 299, 305, 347 N.W.2d 595 (1984). Even the most cursory review of the events of September 5, 1989 provides that support. Rivera entered the Mayle's apartment that evening armed with a deadly weapon intending to commit an armed robbery. Once inside, he held both Fruth and Mrs. Mayle at gunpoint, and he continued to threaten Mrs. Mayle even after he realized that she had taken up her own gun in self-defense. It cannot be disputed that Rivera's conduct was a substantial factor in Mr. Mayle seizing the gun from his wife's hands and eventually firing the shot that killed Fruth. It is irrelevant that Mr. Mayle and not Rivera fired that fatal shot.

Moreover, because Fruth's death occurred during the course of an attempted armed robbery,[3] the trial court properly applied the felony murder statute to Rivera's conduct.

■

In summary, we affirm the trial court's determination that Rivera's conduct was a substantial factor in causing Fruth's death, and that this occurred while Rivera was attempting to commit armed robbery. Pur-

---

[3] Attempted armed robbery, sec. 943.32(2), Stats., is one of the five felonies upon which sec. 940.03 predicates felony murder liability. See, note 1, supra.

suant to our decision in *Oimen,* we hold that Rivera's conviction for felony murder was appropriate.

*By the Court.*—Judgment of the circuit court affirmed.